UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JEBERIAH MOORE, Plaintiff, v. CDCR, et al., Defendants. | Case No. 18-00101 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |
|---|---|

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation, Salinas Valley State Prison ("SVSP"), and its employees.[1]  Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to this Court on January 18, 2018. (Docket No. 5.)

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

Plaintiff claims that he has various disabilities, including mobility and bowel issues, which require accommodations under the "ADA." (Compl. at 3.) Plaintiff indicates that he presented his claims to prison officials, but the response from the prison's Reasonable Accommodation Panel (RAP) was inadequate, (id. at 9), and his appeals of that decision have been denied as well, (id. at 2). Although Plaintiff indicates on the first page that he is bringing this complaint under § 1983, (Docket No. 1 at 1), he begins his explanation of the cause of action by referencing the ADA, (id. at 3), and thereafter continuously refers to the "ADA" and violations thereof, (id. at 4-12).

Section 1983 permits a plaintiff to enforce rights contained in the United States Constitution and defined by federal law. Vinson v. Thomas, 288 F.3d 1145, 1155 (9th Cir. 2002). But an alleged violation of federal law may not be vindicated under § 1983 where "Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." Id. (citation omitted). Because Title II of the ADA provides a comprehensive remedial scheme, plaintiff is precluded from bringing a § 1983 claim for violation of Title II of the ADA. See id. (plaintiff cannot bring action under § 1983 against state officials in their individual capacities to vindicate rights created by Title II of ADA); Cherry v. City

2

College of San Francisco, No. C 04-4981 WHA, 2006 WL 6602454, at *12 (N.D. Cal. 2006) (extending rationale of Vinson to also preclude action under § 1983 against state officials in their official capacities to vindicate rights created by Title II of ADA). Plaintiff is limited to seeking relief under the comprehensive remedial scheme provided by Title II of the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. See Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). To establish a violation of Title II of the ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs or activities; and (3) such exclusion or discrimination was by reasons of his disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). In order to recover monetary damages, a plaintiff also must show that the exclusion or discrimination was intentional. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Liberally construed, Plaintiff's allegations that CDCR and SVSP officials are discriminating against him based on his disabilities appears to state a cognizable claim under Title II of the ADA, and will be served on the named officials.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants K. Green, D. Bright, J. Villafuerte, L. Sainz, and C. Bourne, MD,** at **Salinas Valley State**

3

1 **Prison** (P.O. Box 1020, Soledad, CA 93960-1020). The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date service is complete, either by a signed waiver or personal service of the amended complaint, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the

4

Court prior to the date the summary judgment motion is due.

        b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

    5.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    9.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 5/2/2018

_____
EDWARD J. DAVILA
United States District Judge

Order of Service
PRO-SE\EJD\CR.18\00101Moore_svc

6